Gregory B. Collins (#023158)
Daniel P. Crane (#030623)
KERCSMAR FELTUS & COLLINS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
gbc@kfcfirm.com
dpc@kfcfirm.com

Daniel C. Wucherer  (pro hac vice to be filed)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street | Suite 3500
Great American Tower
Cincinnati, Ohio 45202
Direct: 513.723.4093
Fax: 513.852.7811
dcwucherer@vorys.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ISAGENIX INTERNATIONAL, LLC, an Arizona limited liability company, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR BREACH OF CONTRACT** |
| v. | |
| JOHN DOES 1-10, individually or as corporations/business entities, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Isagenix International, LLC ("Plaintiff" or "Isagenix") brings this action against unknown John Doe Defendants ("Defendants") for breach of contract.  Defendants are Isagenix Independent Associates ("Associates") who have violated their contracts with Isagenix by: (1) supplying and continuing to supply Isagenix products to unauthorized resellers who resell the products through unauthorized websites; or (2) themselves selling

COMPLAINT - 1

Isagenix products through unauthorized websites.  In support of its complaint, Isagenix alleges as follows.

## PARTIES, JURISDICTION, AND VENUE

1. Isagenix is an Arizona limited liability company with its principal place of business located in Gilbert, Arizona.

2. Defendants are unknown Associates who, upon information and belief, reside in New York and operate outside of Arizona.  Isagenix does not yet know Defendants' identities, but the online storefronts through which Defendants are selling or facilitating the sale of Isagenix products state that the storefronts are operated out of New York.  In past investigations, Isagenix has also found that groups of Associates who had breached their contracts with Isagenix by selling products through unauthorized channels were located in New York.  Accordingly, upon information and belief, Defendants are likely residents of New York.

3. The basis of this lawsuit is that Defendants have breached contracts they entered into with Isagenix by selling Isagenix products to unauthorized resellers who Defendants knew would resell the products through unauthorized websites, or by themselves selling products through unauthorized websites.

4. This Court has subject matter jurisdiction over Isagenix's breach of contract claim pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a), because Isagenix is a citizen of Arizona, Defendants are citizens of New York, and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over Defendants because they breached contracts with Arizona-resident Isagenix that are governed by Arizona law and provide that the parties consent to personal jurisdiction and venue in the state and federal courts of Arizona for all disputes or claims arising out of the contracts that are not subject to arbitration under the contracts.  The contracts' arbitration clauses expressly do not apply to lawsuits brought by Isagenix that, like this lawsuit, are against unknown Associates who

are breaching their contracts with Isagenix and are brought for the purpose of identifying the unknown Associates.

6. Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Isagenix's claims herein occurred within this judicial district and because Defendants entered into contracts with Isagenix in which they agreed that venue in this district is proper for the claims Isagenix has brought in this lawsuit.

## FACTUAL ALLEGATIONS

### Isagenix and Its Contracts with Isagenix Independent Associates

7. Isagenix develops, manufactures, and sells nutrition, weight-management, energy and fitness, and personal care products under various brands (hereinafter referenced as "Isagenix products").

8. Isagenix products are available to the public directly from Isagenix and are also sold by independent contractors known as Isagenix Independent Associates.

9. Associates must enter into contracts with Isagenix to be permitted to purchase Isagenix products from Isagenix. These contracts (the "Contracts") consist of the terms and conditions in the Isagenix Independent Associate Application and Agreement, the Isagenix Policies & Procedures, the Isagenix Team Compensation Plan, and additional materials.

10. Associates receive substantial benefits under their Contracts with Isagenix, including the right to purchase Isagenix products at reduced cost for resale, the right to sponsor other applicants to become Associates, the right to receive compensation and qualify for bonuses under Isagenix Team Compensation Plan, and a variety of support for themselves and their customers.

11. The Contracts also require Associates to comply with various rules and restrictions (the "Isagenix Rules").

12. Some of these rules require Associate to carry out substantial quality controls over Isagenix products, to ensure that customers receive Isagenix products from Associates that are of premium quality. For example, Associates are required to sell Isagenix products

in their original containers and packaging and are prohibited from altering Isagenix products, their labels, or accompanying literature and other materials in any way. Associates also have access to resources developed by Isagenix that they use to provide personal services to consumers before, during, and after product sales, including advising consumers about product information and best practices for safe and optimal use of Isagenix products.

13. The Isagenix Rules also restrict the manner and channels through which Associates may sell Isagenix products. For example, to optimize customers' experiences with Isagenix products and ensure that Associates do not sell products through channels in which consumers may not know whether they are purchasing from an Associate, the Isagenix Rules prohibit Associates from selling Isagenix products through any website or other online medium except for personal "Associate websites" provided to Associates by Isagenix. If Associates sell Isagenix products through unauthorized websites, their Contracts provide that they must pay $500 to Isagenix for each unit of product they sold.

14. The Isagenix Rules also provide that Associates may purchase products from Isagenix only for Associates' own personal use or to resell to end-user consumers. Associates are prohibited from selling Isagenix products to any third party who Associates know, or have reason to know, intends to resell the products through an unauthorized website. Unless they receive Isagenix's prior written consent, Associates are also prohibited from selling to a third party any quantity of Isagenix products that is greater than the quantity generally purchased by a consumer for personal use by the consumer's immediate household.

15. If Associates sell Isagenix products to third parties and knew or should have known that the third parties purchased the products for the purpose of reselling them through an unauthorized website, Isagenix's Contracts provide that the Associates must pay $500 to Isagenix for each unit of product they sold.

16. Isagenix allows Associates to sell products only to end-user consumers, and only in quantities that are generally consumed by consumers for personal use, to prevent

Isagenix products from being sold to consumers by unauthorized sellers who are outside of Isagenix's quality controls and over whom Isagenix cannot exercise quality control.

17. Isagenix's prohibition of Associates' sales through unauthorized websites and its prohibition of Associates' sales to third parties who sell through unauthorized websites both expressly remain in force even if the Contract between Isagenix and an Associate is terminated.

### Isagenix's Discovery of Defendants' Breaches of Contract

18. In 2021, Isagenix discovered that high volumes of Isagenix products were being sold on unauthorized websites by website operators and third parties selling on the websites through third-party storefronts. These storefronts and websites (the "Unauthorized Websites") include, but are not limited to:

   a. Third-party storefronts on www.ebay.com ("eBay) called "luxxdillio" (https://www.ebay.com/usr/luxxdillio?_trksid=p2047675.l2559), "lich-4092" (https://www.ebay.com/usr/lich-4092?_trksid=p2047675.l2559), and "mastermarket05" (https://www.ebay.com/usr/mastermarket05?_trksid=p2047675.l2559);

   b. Third-party storefronts on www.amazon.com ("Amazon") called "Stony Brook" (https://www.amazon.com/sp?seller=A16TD694H4PQOE) and "Socks Guru" (https://www.amazon.com/sp?seller=A2E7L5SGMMH69T).

   c. Amazon itself selling through a first-party storefront on www.amazon.com; and

   d. A private website called "BeautyMeek" (https://beautymeek.com/).

19. The "BeautyMeek" website and the above-listed third-party storefronts all provide contact information that identifies the sellers and/or the Isagenix products they are selling as being located within the same 50-mile radius in New York.

20. Through investigation of the minimal contact information that appears on the Unauthorized Websites, Isagenix has found that the operators of the Unauthorized Websites

do not appear to be current Associates. Upon information and belief, however, these operators are acquiring the Isagenix products they are reselling from Associates because they are selling high volumes of Isagenix products that could only have been obtained from Associates who purchased large quantities of products from Isagenix.

21. Accordingly, Isagenix products are being sold through the Unauthorized Websites either by third parties who acquired their products from Associates or by Associates themselves who list false information to conceal their sales from Isagenix. In either case, the Associates at issue have breached their contracts with Isagenix.

22. Defendants in this action are the Associates who are selling Isagenix products to the non-Associates who are selling through the Unauthorized Websites, and the Associates who are themselves selling Isagenix products through the Unauthorized Websites.

**Isagenix Has Suffered Substantial Harm**

23. As a proximate result of Defendants' actions, Isagenix has suffered, and will continue to suffer, significant monetary harm including, but not limited to, loss of sales, harm to the goodwill associated with the Isagenix brand, and damage to its existing and potential business relations.

24. Defendants' conduct was an is knowing, intentional, willful, malicious, wanton, and contrary to law.

25. Isagenix is entitled to injunctive relief because Defendants otherwise continue to breach their contracts by selling Isagenix products to unauthorized resellers who Defendants knew would resell the products through unauthorized websites, or by themselves selling products through unauthorized websites. Defendants' ongoing illegal conduct has caused and will continue to cause irreparable harm to to the goodwill associated with the Isagenix brand and cause Isagenix and its Associates to lose business.

**To Identify Defendants, Isagenix Needs to Serve Subpoenas on Third Parties**

26. Because Isagenix does not yet know Defendants' identities, it has sued them by a fictitious name.

27. In order to positively identify the Defendants who are breaching their contracts by selling Isagenix products to third parties who sell the products through the Unauthorized Websites, or who are themselves selling Isagenix products through the Unauthorized Websites, it will be necessary for Isagenix to serve subpoenas on third parties. Specifically, Isagenix will need to serve limited discovery on eBay Inc., Amazon.com, Inc., and other website operators seeking identifying information provided by sellers of Isagenix products on the Unauthorized Websites and the sources of Isagenix products being sold by the website operators themselves. The information that is produced in response to Isagenix's limited discovery will allow it to identify the Associates who have breached their contracts with Isagenix, name Defendants as parties to this action, and pursue all available relief to which Isagenix is entitled.

**FIRST CAUSE OF ACTION**

**Breach of Contract**

28. Isagenix re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

29. Defendants entered into valid and enforceable contracts with Isagenix and agreed to the terms set forth in the Isagenix Rules.

30. The Isagenix Rules prohibit Associates like Defendants from offering, displaying, selling, or facilitating the offering, displaying or selling of Isagenix's products through any website or other online medium except for personal "Associate websites" provided to Associates by Isagenix. This prohibition includes sales on online marketplaces such as eBay and Amazon and unauthorized private websites such as https://beautymeek.com/.

31. The Isagenix Rules also prohibit Associates like Defendants from selling Isagenix products to any third party who Associates know, or have reason to know, intends to resell the products through an unauthorized website. Unless they receive Isagenix's prior written consent, Associates are prohibited from selling to a third party any quantity of

Isagenix products that is greater than the quantity generally purchased by a consumer for personal use by the consumer's immediate household.

32. All of these prohibitions survive the termination of Isagenix's contracts with Associates pursuant to their express terms.

33. Isagenix fulfilled all of its obligations under its contracts with Defendants.

34. All conditions required for Defendants' performance under Defendants' contracts with Isagenix have occurred.

35. Defendants have materially breached their contracts with Isagenix by selling Isagenix products to unauthorized resellers who Defendants knew would resell the products through the Unauthorized Websites, or by themselves selling Isagenix products through the Unauthorized Websites.

36. As a direct and proximate result of Defendants' material breaches of their contracts, Isagenix has suffered and will continue to suffer damages, including but not limited to loss of business, goodwill, reputation, and monetary damages.

37. Pursuant to the contracts' terms, Isagenix is entitled to liquidated damages in the amount of $500 for each unit of Isagenix product that Defendants sold through the Unauthorized Websites or sold to unauthorized resellers who sold the products through the Unauthorized Websites.

38. In harming Isagenix, Defendants acted with actual malice, willful misconduct, ill will, spite, and/or for the purpose of injuring Isagenix. At the very least, Defendants' actions were done in reckless disregard for Isagenix's rights as those actions reflected complete indifference to Isagenix's rights and/or Defendants acted in the face of a perceived risk that their actions would materially breach their contracts with Isagenix. Defendants also acted with an evil mind because they intended to cause injury, were motivated by spite or ill will, acted to serve their own interest having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of Isagenix, and/or consciously pursued a course of conduct knowing that it created

a substantial risk of significant harm to Isagenix. Accordingly, Isagenix is entitled to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Isagenix prays for relief and judgment as follows:

A. Discovery into the specific identities of the John Doe Defendants, including subpoenas issued to relevant third parties;

B. Judgment in favor of Isagenix and against Defendants in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, liquidated damages, restitution, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

C. That a permanent injunction be issued enjoining Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with Defendants (the "Enjoined Parties") as follows:

    i) Prohibiting the Enjoined Parties from selling Isagenix through any website or other medium except for personal "Associate websites" that have been provided to Defendants by Iseganix;

    ii) Prohibiting the Enjoined Parties from selling Isagenix products to any third party who the Enjoined Parties know, or have reason to know, intends to resell the products through the Internet;

    iii) Requiring the Enjoined Parties to comply with all terms in the contracts they have entered into Isagenix.

D. An award of liquidated damages in the amount of $500 for each unit of Isagenix product that Defendants sold through the Unauthorized Websites or sold to unauthorized resellers who sold the products through the Unauthorized Websites;

39. An award of attorneys' fees, costs, and expenses; and

40. Such other and further relief as the Court deems just, equitable and proper.

## JURY DEMAND

41. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Isagenix demands a trial by jury on all issues so triable.

DATED this 22nd day of February, 2022.

KERCSMAR FELTUS & COLLINS PLLC

By: *s/ Gregory Collins*
Gregory B. Collins
Daniel P. Crane
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251

*Attorneys for Plaintiff*